(35 Misc. Rep. 291.)

### PECKNER v. WEBB.

(Supreme Court, Appellate Term. June, 1901.)

1. JOINT ASSOCIATIONS—ACTION AGAINST OFFICERS.
     The action allowed by Code Civ. Proc. § 1919, against the president or treasurer of a joint-stock association, consisting of more than seven persons, cannot be maintained against such officer where the association has gone out of existence.

2. SAME.
     In an action against the president of a joint-stock association, an objection that it is not maintainable because the association has gone out of existence can be taken by answer.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Herman Peckner against William Seward Webb. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Saunders, Webb & Worcester, for appellant.

Louis J. Frey, for respondent.

PER CURIAM. The complaint alleges that at the time of the loss for which plaintiff sues the Wagner Palace-Car Company was a joint-stock association, consisting of more than seven persons, and that the defendant, Webb, was the president thereof. The defendant is sued under section 1919 of the Code of Civil Procedure, which provides that an action may be maintained against the president or treasurer of such an association to recover any property, or upon any cause of action for or upon which the plaintiff may maintain such an action, against all the associates, by reason of their interest or ownership, or claim of ownership, therein, either jointly or in common, or their liability therefor, either jointly or severally. It was admitted upon the trial that until December 31, 1899, the defendant Webb was, and had been for several years prior to that time, the president of the Wagner Palace-Car Company, a joint-stock association, and that before the commencement of this action the joint association of the Wagner Palace-Car Company was no longer in existence. The answer had denied the existence of the palace-car company, and the defendant's presidency thereof. It has repeatedly been held that an action of this character is, in effect, an action against the association, and not against the individual named as president and treasurer. Such an action is effective only to the extent that a judgment therein may be collected out of the property of the association, if any such there be. A judgment so obtained is neither a bar to an action against the individual associates, nor is it conclusive of the plaintiff's right to recover in an action against such associates. If, as was conceded upon the trial, there is no such association in existence, it can have no assets, and there can be no president. The action is not, therefore, one which is authorized by the section of the Code above cited, nor could a judgment herein be of any avail. The objection was properly taken by answer because the existence of the association, and the presidency of the defendant were facts which it was necessary for the plaintiff to allege and prove as part of his cause of action, and consequently were issuable. Although the plaintiff may not recover in this action, he is not remediless if he has a meritorious cause of action, because he may still sue the individual associates, as he would be obliged to do in any case, even if this judgment were affirmed.

Judgment reversed, and new trial ordered, with costs to abide the event.