(120 App. Div. 387)

TOBIN v. ALFRED M. BEST CO.

(Supreme Court, Appellate Division, First Department. June 21, 1907.)

1. LIBEL—ACTIONABLE WORDS—INJURY TO BUSINESS.

A complaint which shows that defendant published an article which directly or inferentially charged that a firm of general agents for insurance of which plaintiff was a member, was associated with one who, according to the article, had been notorious for years as a broker of bogus insurance, had been convicted for selling "fake" policies, and served a sentence in jail, states a cause of action for libel.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 80–89.]

2. SAME—LIBEL OF PARTNERSHIP—RIGHT OF ACTION BY INDIVIDUAL PARTNER.

Where a partnership is injured by libelous articles, each partner may maintain an action to recover the damages caused to his interest thereby.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 174.]

Appeal from Special Term, New York County.

Action by Stephen R. Tobin against the Alfred M. Best Company. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed. The complaint alleged that defendant had published several libelous articles against the firm of Tobin & Tobin, of which plaintiff was a member, and set forth the articles complained of.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert Van Iderstine, for appellant.

George M. Curtis, for respondent.

PER CURIAM. The complaint states a cause of action. It charges, either directly or inferentially, that the firm of Tobin & Tobin is connected in business with and pursuing the methods of one Anthony, who, according to the articles, has been notorious for years as a broker of bogus insurance, that he was once convicted for selling "fake" policies, and served a sentence in jail. The articles certainly have a tendency to injure the business of the firm by charging that the persons con-

nected with it are not honest, and that the firm is doing a dishonest business. They are libelous per se. Whatever injures the firm injures each partner, and each may maintain an action to recover the damage caused thereby to his interest. 18 Am. & Eng. Enc. of Law (2d Ed.) p. 1055.

The judgment appealed from should be affirmed with costs, with leave to the defendant to withdraw its demurrer and interpose an answer on payment of costs in this court and in the court below.