STONE v. TEXTILE EXAMINERS & SHRINKERS EMPLOYERS' ASS'N.

(Supreme Court, Appellate Division, First Department. April 8, 1910.)

1. LIBEL AND SLANDER (§ 73*)—ACTION BY UNINCORPORATED ASSOCIATION—INJURY TO BUSINESS OR CREDIT—PLEADING AND PROOF.

Conceding the analogy between the rights of an unincorporated association suing for libel and those of a firm or partnership, partners cannot sue jointly for libel or slander unless it is alleged and proved that it tends to injure the firm's business or credit.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 174; Dec. Dig. § 73.*]

2. LIBEL AND SLANDER (§ 81*)—ACTION FOR LIBEL—PLEADING—COMPLAINT—SUFFICIENCY.

A complaint for libel by a labor union, stating as to its business that it is a labor organization transacting business in the city of New York, is insufficient to show the business in which it is engaged as a basis for recovery for alleged injury to its reputation.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 195, 209, 210; Dec. Dig. § 81.*]

3. TRADE UNIONS (§ 1*)—DEFINITION OF "TRADE UNION" OR "LABOR ORGANIZATION."

A "trade union" or "labor organization" is a combination of workmen usually, but not necessarily, of the same trade or allied trades, for the purpose of securing by united action, the most favorable conditions as regards wages, hours of labor, etc., for its members.

[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, p. 4663; vol. 2, p. 1459.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

4. LIBEL AND SLANDER (§ 6*)—IMPUTATIONS—ACTIONABLE PER SE—CHARACTER OF LABOR UNION.

    Mere imputations on the character of a labor union not affecting its credit or business would not be actionable per se.

    [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 6.*]

5. LIBEL AND SLANDER (§ 82*)—ACTION FOR LIBEL—COMPLAINT—SUFFICIENCY—INNUENDO AVERMENTS.

    A complaint in an action for libel of a labor union brought by plaintiff as its treasurer, alleging that portions of a letter complained of referred to plaintiff, does not properly set forth, by innuendo, that they refer to the union and on whose behalf action was brought.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 187–197; Dec. Dig. § 82.*]

6. LIBEL AND SLANDER (§ 86*)—ACTION FOR LIBEL—COMPLAINT—SUFFICIENCY.

    A complaint in an action for libel by the treasurer of a labor union in its behalf was based on a portion of a letter stating that a certain employer and employés had been subjected to intimidation and assault, and that one of the men had been black-jacked on his way to work, and another inveigled into a saloon and drugged. *Held* not to set forth any libel which by innuendo could be properly construed as charging the union with responsibility for the acts therein referred to.

    [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 205–208; Dec. Dig. § 86.*]

Appeal from Special Term, New York County.

Action by Samuel Stone, as treasurer of the Cloth Examiners' & Spongers' Union of Greater New York against the Textile Examiners & Shrinkers Employers' Association. A demurrer to the complaint was overruled, and defendants appeal. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Charles Goldzier, for appellant.

Alfred B. Nathan, for respondent.

DOWLING, J. The plaintiff, as treasurer of an unincorporated voluntary association consisting of more than seven persons, brings this action to recover for damages alleged to have been sustained by reason of the publication of a libel in the form of a letter, dated July 23, 1909, sent to the Central Federated Union of New York City, by the defendant corporation. The plaintiff sets forth:

    "First. That at all the times hereinafter mentioned the Cloth Examiners' & Spongers' Union of Greater New York was and still is an unincorporated voluntary association consisting of more than seven persons transacting business in the city, county, and state of New York.

    "Second. That the plaintiff is the treasurer of the Cloth Examiners' & Spongers' Union of Greater New York, which is a labor organization in the cloth examining and sponging trade."

The portion of the letter which, it is claimed, is libelous per se is as follows:

    "Since that day both the employer (referring to Eclipse Sponging Works aforesaid) and the employés of the Eclipse Sponging Works have been subjected to intimidation and assault (meaning by or under the authority of the plaintiff). On July 8th, 1908, one of their men was deliberately black-jacked on his way to work (meaning by or under the authority of the plaintiff); an-

---

other on his way to his place of employment was inveigled into a saloon and there drugged (meaning by or under the authority of the plaintiff)."

The following allegation then appears:

"Seventh. That the foregoing facts stated in said publication were wholly false, and that by means of said publication the plaintiff has been injured in reputation to the damage of twenty-five thousand ($25,000) dollars."

To this complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The first objection which is urged in support of the demurrer is that the complaint fails to allege any injury whatever to the business or credit of the association, on whose behalf the action is brought. The only allegation is one of injury to the reputation of the plaintiff. Conceding the analogy between the rights of an unincorporated association and those of a firm or partnership, it still remains the law that, even in the latter case, partners cannot maintain a joint action for a libel or slander unless it is alleged and proved that it tends to injure the business or credit of the firm. Giraud v. Beach, 3 E. D. Smith, 343; Tobin v. Best, 120 App. Div. 387, 105 N. Y. Supp. 294; 25 Cyc. 426. The infirmity of this complaint is that it sets forth no business in which the union is engaged, nor does the statement in the first paragraph that it is transacting business in the city of New York do anything more than localize the field of its activity.

The second paragraph substantially states that the union is a labor organization and that does not imply, of necessity, any such business as would furnish the basis for a recovery, without a further statement of the nature of the business in which it was engaged. The ordinary definition of a trade union or labor organization is thus stated:

"A combination of workmen of the same trade or of several allied trades, for the purpose of securing by united action the most favorable conditions as regards wages, hours of labor, etc., for its members." 28 Am. & Eng. Ency. of Law, 440. "An association of workmen, usually, but not necessarily, employed in the same trade, for the purpose of combined action in securing the most favorable wages and condition of labor." 24 Cyc. 816.

It follows from this that the complaint being barren of any appropriate averment as to the union's engagement in any form of business and of any allegation of damages to the union in its credit or business is defective, and the demurrer should have been sustained. Mere imputations upon the character of the union and not affecting its credit or business would not be actionable per se. Furthermore, the complaint does not properly set forth by innuendo that the portions of the letter complained of refer to the union on whose behalf this action is brought. It is improperly alleged that they refer to the plaintiff and that obviously is not the fact. It cannot be deduced from the letter that any of these charges is made against Stone as treasurer nor against him individually. What is sought to be conveyed by the innuendo is that the charges were made against the union, but the complaint in its present form does not properly so charge. Furthermore, in its present state, the pleading does not set forth any libel which, by innuendo, can be properly construed as charging the union with responsibility for the criminal acts therein referred to. While the paragraph from the

letter hereinbefore set forth states part of a sequence of events, in some of which the union is directly charged with interference with the business of the defendant, still the paragraph itself cannot be said to do more than charge unnamed individuals with having been responsible for the commission of crimes which are not declared, either directly or by reasonable inference, to have been instigated by the union.

In view of these considerations, the demurrer should have been sustained, and the judgment appealed from is therefore reversed, with costs, and the demurrer to the complaint sustained, with costs, with leave to serve an amended complaint within 20 days, upon payment of such costs. All concur.