SIDNEY MANDELL, Appellant, v. FRANK MOSES, as President of the ESSEX COUNTY SHEEP BREEDERS ASSOCIATION, and Others, Respondents.

Third Department, May 22, 1924.

Associations — action against unincorporated voluntary association and members to recover advances made by brokers on wool shipped through association for sale — contract was made with association — members and non-members thereafter agreed to participate in contract — General Associations Law, § 16, prohibits action against association and members thereof at same time — plaintiff was properly required to elect which party he would proceed against — association acted as agent for all who participated in contract — demand on agent for return of advances in excess of sales receipts was proper — liability of those who participated in contract is joint — all who participated must be joined in action and single judgment granted against all — execution will not, under Civil Practice Act, §§ 1197 and 1199, reach individual property of defendants not served.

An action cannot be maintained against an unincorporated voluntary association and the members thereof at the same time, since section 16 of the General Associations Law provides that where an action under that law has been brought against an officer of the association, an action for the same cause shall not be brought against the members thereof until final judgment in the first action and a return wholly or partly unsatisfied of an execution issued thereon.

Accordingly, in an action against an unincorporated voluntary association and its members to recover advances made by the plaintiff's assignor, a wool broker, on wool shipped to him through the association for sale, in excess of the amount of the receipts on the sale, the court properly required the plaintiff to elect at the close of his case against whom he would prosecute the action and, having elected to proceed against the members of the association, the association was then out of the case.

The association which executed the contract with the plaintiff's assignor before it was known which members would take advantage thereof acted as agent for all who participated in the contract and shipped wool to the assignor through the association, and, therefore, a demand by the assignor on the association for the return of advances in excess of the sales receipts was binding on the members and it was not necessary to make a direct demand on the members of the association before instituting this action.

Since the members of the association who participated in the contract did not ship their wool separately to the plaintiff's assignor but delivered it to the association which sent it in bulk without any distinguishing marks of ownership, and the assignor made advances on the entire quantity of wool and paid the same to the association which distributed it to its members, and since the contract does not specifically state that the liability of the members shall be several or joint and several, the liability of the members is joint.

Accordingly, the obligation was a single obligation and all the members who participated in the contract must be joined in the action as defendants, if living, and within the jurisdiction of the court, and a single judgment must be given against all of the defendants, but, under sections 1197 and 1199 of the Civil Practice Act, an execution on this judgment will not reach the individual property of those defendants not served with the summons, but it will reach the property of those defendants served as well as personal property owned by the defendants jointly.

H. T. KELLOGG, J., dissents, with opinion.

APPEAL by the plaintiff, Sidney Mandell, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Essex on the 28th day of November, 1923, upon the decision of the court rendered after a trial before the court without a jury at the Essex Trial Term, duly adjourned to Chambers at Amsterdam, N. Y., dismissing the complaint, and also from an order entered in said clerk's office on the same day granting certain defendants additional costs, with notice of intention to bring up for review an order entered in said clerk's office on the same day granting the motion of defendant Frank Moses, as president, etc., to dismiss the complaint as against him.

*McLaughlin, Russell & Sprague* [*Frederick C. McLaughlin* of counsel], for the appellant.

*Andrew J. Nellis*, for the respondents.

McCANN, J.:

John E. McMurtry & Co., plaintiff's assignors, were brokers in wool, having their place of business in the city of New York. In the month of May, 1919, an agreement was entered into between such company and "The Essex County Sheep Breeders Association of the State of New York." Such agreement reads as follows:

> " JOHN E. McMURTRY & Co.
> " Wool Commission Merchants
> " 320–322 Church Street
> > " NEW YORK, *May* —, 1919.

" Contract between Messrs John E. McMurtry & Co. of the City and County of New York, and the Essex County Sheep Breeders Association, of the State of New York, agree to consign their clips of wool which is delivered by members of their Association to Messrs.

John E. McMurtry & Co., to be sold for their account at the best market price by Messrs. John E. McMurtry & Co. and said John E. McMurtry & Co. agree to advance said Association 50c on 1/4, 3/8 and 1/2 blood wools; 50c on Delaines; 38c on Fine and Western Wools; 35c on Rejections — per pound at the time of shipment — provided, said prices are not more than 80% of the value of the wools at the time of taking up; and if Market declines at that time — said advances are to be reduced — to meet said Market —

"Said Association agrees to pay Messrs. John E. McMurtry & Co. six per cent (6%) Commission, and said Commission to include all charges of grading, furnishing of sacks for the wool, guaranteeing sales of wool — and further agrees to pay freight and cartage — and if said wools are unsold after two months from date of arrival to pay Storage and at the rate of 15c per bag per month — and Insurance at cost — until sold.

"There shall be a further charge at the rate of 6% per annum for advances until sixty days after the wools are billed to the Manufacturer John E. McMurtry & Co. agrees to accept said consignments and will grade, store and keep said wools fully insured subject to above Clause.        "Sign: FRANK MOSES
                                                    "*Vice President*

"Witness FRED L. PORTER"

At the time this agreement was made the association had no wool and there had been no meeting of the members of the association. The contract was made on the part of the association by its officers without knowing from whom it would receive clips of wool. Thereafter the officers communicated with wool growers in the county individually. Both members and non-members of the association to the number of some 250 agreed to participate and thereafter delivered their wool to the association; the association in turn shipped the same in bulk to McMurtry & Co. McMurtry & Co. made certain advancements under the terms of the agreement and thereafter sold the wool. These advancements were in turn paid to the individual shippers in the amounts due them respectively. The last sales were made between March 26, 1920, and May 1, 1921. When the account was closed McMurtry & Co. claimed there was due to them for advancements and interest thereon, in excess of the amount received for the wool, less expenses, the sum of $2,522.18. It demanded payment from the association, which demand was not complied with. Thereafter and on August 2, 1921, the company's claim was duly assigned to this plaintiff, who brought this action. After the action was brought the defendants' attorneys furnished

to plaintiff's attorney the names and addresses of each of the members and non-members of the association who had delivered wool to the association and the complaint was then amended, making these members and non-members parties defendant. The summons was served upon the president of the association, Frank Moses, and upon the defendants named in the original summons. The summons was never served upon any of the other defendants. At the end of the plaintiff's case the defendants moved that the plaintiff be required to elect whether he would proceed against the association, or against the defendants other than the association. Plaintiff's counsel argued that there was no such legal entity as the Sheep Breeders Association and no judgment can run against it; that the liability is a joint liability of all the defendants other than the association. The motion was granted and the complaint dismissed as against the association and continuing as against the other defendants. At the completion of the evidence the complaint as against the individual defendants was dismissed on the ground that no demand for payment had been made upon either defendant in the action.

In the complaint it is alleged that the Essex County Sheep Breeders Association is an unincorporated association consisting of more than seven members, and that Frank Moses, at the time of the commencement of the action, was the president of the association; that the contract herein was executed and delivered by the association as the duly authorized agent of certain undisclosed principals, namely, the defendant members and non-members, who delivered in 1919 their clip of wool for their account to the association in accordance with the terms and provisions of the contract. The position of the plaintiff is that this action is brought to recover on a claim against the defendants, other than the association, who are jointly liable; that the association made the contract, procured the wool from those defendants and consigned it to McMurtry & Co., as agent for the undisclosed principals.

An action against an unincorporated association may be brought by serving the summons upon the president or treasurer and, if a money judgment be had, such judgment does not justify an execution against the individual property of the officer served and the sheriff can only satisfy it out of any property belonging to the association, or owned jointly or in common by all the members thereof. (General Associations Law, §§ 13, 15, as added by Laws of 1920, chap. 915.) Where an action under this law has been brought against an officer of the association, an action for the same cause shall not be brought against the members of the association, or any of them, until after final judgment in the first action and

a return wholly or partly unsatisfied of an execution issued thereupon. (Id. § 16, as added by Laws of 1920, chap. 915.) Except as provided in section 16 an action may be brought against the members of the association individually. (Id. § 17, as added by Laws of 1920, chap. 915.)

At the close of the plaintiff's evidence the plaintiff was properly required to elect against whom it should prosecute the action. Plaintiff could not have judgment against the association and against the individual defendants simultaneously. (General Associations Law, § 16, as added by Laws of 1920, chap. 915.) The election having been made to proceed against the individual defendants, the complaint against the association was properly dismissed.

The association as such is out of the case. It is to be considered solely as the agent for those who came in and participated under the contract. (*Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818, 824; affd., 220 N. Y. 706.) At the time the contract was made neither party thereto knew what individuals would pool their wool under the contract. When a party did consent to come in, he accepted the association as his agent and accepted the terms of, and became a party to, the contract, and such liability as rests upon him is grounded in these facts. No partnership relation between the defendants follows, and no added liability against them attaches, because this agent happens to be an unincorporated association. The commission merchants, McMurtry & Co., dealt with the agent and the agent's acts, so far as it had authority, are binding upon the defendants. It must follow that the trial court was in error when it dismissed the complaint against the individual defendants because of failure to make demand. Demand for payment was made upon the agent and such demand under the circumstances here I think must be a demand upon the principal.

McMurtry & Co. acted as commission merchants. The wool was consigned to them to sell. The advancements made upon the wool were not a part of the purchase price; the company did not buy the wool. The advancements were made to the agent for the accommodation and benefit of the owners of the wool; accounts between the parties to be settled when the wool had been sold; and there was an agreement implied in fact upon the part of the wool owners to pay any deficiency which might arise at the end of the transaction. (*Hidden* v. *Waldo*, 55 N. Y. 294, 297.)

The real question in the case, therefore, is whether the liability of the defendants was joint, or several, or joint and several. The answer to this question depends upon the contract relations between the parties.

The company was not called upon to deal with the individual

wool vendors; it was to deal solely with their agent. The vendors did not ship their wool separately marked to the company; they delivered it to their agent, who sent it in bulk, without any distinguishing marks of ownership, to the company. The company made its advancements on the entire quantity of wool received and paid the advancements to the agent, who in turn distributed it to the vendors. Had there been moneys coming to the wool growers, the accounts would have been settled between the company and the agent, and the balance remitted to the agent to be distributed. There was no obligation on the part of the company to make payment direct to any individual wool grower.

The contract could have been made by its terms several, or joint and several, but it was not so made. The contract to which each vendor consented was the contract made between the association and the company. I think this contract on the part of the defendants is joint. They pooled their wool and participated in the joint undertaking or enterprise. (*Booth Bros.* v. *Baird,* 83 App. Div. 495; *Fisher Textile Co.* v. *Perkins,* 100 id. 19.)

If I am right in this conclusion, then the obligation was a single obligation and the joint vendors must be joined in the action as defendants, if living, and within the jurisdiction of the court, and a single judgment must be given against all the defendants. (1 Williston Cont. § 329; 13 C. J. 575, § 561.) But, under the Civil Practice Act (§§ 1197, 1199) an execution on this judgment will not reach the individual property of those defendants not served with the summons, but it will reach the property of those defendants served as well as personal property owned by the defendants jointly.

The judgment and orders should be reversed on the law and facts, and judgment directed for the plaintiff against all the defendants, except the defendant Frank Moses, as president of the Essex County Sheep Breeders Association, for the sum of $2,522.18, with interest thereon from March 15, 1921, and costs.

All concur, except H. T. KELLOGG, J., dissenting, with an opinion.

H. T. KELLOGG, J. (dissenting):

The court is now deciding that the Essex County Sheep Breeders Association, in its dealings with the McMurtry firm, was not a principal; that it was an agent for undisclosed principals; that these principals were the individuals who shipped wool to the McMurtry firm; that such shippers were engaged in a joint venture; that each shipper was, therefore, severally liable for all overpayments made whether to himself or other shippers. With this conclusion I cannot agree. The shippers were not partners except as they were mem-

bers of the association. They were not engaged in a joint venture except as the association was engaged therein. The court, in absolving the association from liability, necessarily, it seems to me, relieves the shippers from all liability as partners. Furthermore, it appears to me that the shippers, whether as members of the association or otherwise, were never engaged in a joint undertaking. The wool shipped was not commonly owned. It was not made the subject of a pooling agreement. Indeed, there is no evidence that the shippers ever contracted with one another except to become members of the association. There was no common ownership of the proceeds of the wool or of the advances made therefor. Each shipper received payments for his own wool on the basis of the quantity and grade of the wool shipped. He was not concerned in losses or profits made upon any wool shipments other than his own. If he was underpaid for his wool the remedy for the underpayment ran to him alone. So, if the shippers were overpaid the remedy for an overpayment ran against the shipper overpaid and against no other person. In my judgment there was a separate relationship of principal and agent between each shipper and the McMurtry firm. The duties and liabilities involved in that relationship were not affected by obligations existing between other shippers and the McMurtry firm. I, therefore, dissent.

Judgment and orders reversed on the law and facts, and judgment directed for the plaintiff against all the defendants, except the defendant Frank Moses, as president of the Essex County Sheep Breeders Association, for the sum of $2,522.18, with interest thereon from March 15, 1921, and costs.

The court disapproves of finding of fact numbered 15, and makes the following additional finding: That McMurtry & Co., plaintiff's assignors, made advancements to the association from time to time on account of wool sold, and rendered statements showing amounts received from such sales, also amounts of carrying charges and commissions, and sent checks, with such statements, payable to such association. The proceeds of such checks were in turn paid over by the association to the individual defendants, each receiving the part thereof stated and set forth in Schedule B, attached to the amended complaint; that on March 15, 1921, the said McMurtry & Co. had advanced to said association on account of said transactions the sum of $2,522.18 more than was due and owing, and that said sum had likewise been distributed.