PETER THOMANN, Individually and for the Benefit of Approximately 225 Permit Men of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Similarly Situated, Appellant, *v.* CHARLES FLYNN, as President of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Respondent.

AUGUST MEINHARDT, Individually and for the Benefit of Approximately Thirty Ex-members of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Similarly Situated, Appellant, *v.* CHARLES FLYNN, as President of Local Union 345 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, Respondent.

(Consolidated Appeals.)

Second Department, May 14, 1937.

*Jay Leo Rothschild,* for the appellants.

*Thomas J. Milan,* for the respondent.

PER CURIAM. These actions are for mandatory injunctions to compel defendant " Charles Flynn, as President of Local Union 345

of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America," to reinstate plaintiffs as members in good standing of Local Union 345 and for damages for their unauthorized expulsion from the union. The union is an unincorporated association. The Special Term granted defendant's motions to dismiss the complaints pursuant to rule 112 of the Rules of Civil Practice, and section 476 of the Civil Practice Act, on the ground that while defendant is sued in his representative capacity, " Throughout the complaint language is employed that could only be used if the association itself were sued."

The actions are brought against the president of the union pursuant to statute. (General Associations Law, § 13.) The actions, while nominally against the president, actually are against the association. The president, while designated as the defendant, is the official representative or agent of the association. His death, removal, or other incapacity does not abate the action (§ 14). The action does not subject him to any personal liability. If a judgment be rendered against him it binds only the association and its assets (§ 15). It is only because the association is not recognized as a legal entity but, nevertheless, has a real existence, that the Legislature has resorted to this fiction of permitting it, for the convenience of all concerned, to be sued in the name of its titular head. Without this enabling statute, plaintiffs would be obliged to sue all the members individually.

Where the action is brought against the officer, as prescribed by the statute, the association is deemed the actual defendant, while the officer named is deemed to be the nominal defendant, representing the association as its agent. (*Mandell* v. *Moses*, 209 App. Div. 531; affd., 239 N. Y. 555; *Mason* v. *Holmes*, 30 Misc. 719; *Andrews* v. *Local Union No. 13, Journeymen P., G. & S.*, 133 id. 899; *Hagan* v. *Bricklayers', etc., Union of Syracuse*, 143 id. 591; *McGinn* v. *Morrin*, 158 id. 666; affd., 247 App. Div. 770.)

The complaint is sufficient. Moreover, defendant has not been misled. He has answered, the issues have been framed, and this technical objection has been interposed on the eve of trial.

The order in each action should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint denied, with ten dollars costs.

HAGARTY, DAVIS, JOHNSTON, ADEL and CLOSE, JJ., concur.

Order in each case, granting defendant's motion to dismiss the complaint, reversed on the law, with ten dollars costs and disbursements, and motion in each case denied, with ten dollars costs.