Wildon Lloyd, Respondent, *v.* Alfred P. Sloan, Jr., as Permanent Chairman of the Committee for the Consideration of Inter-Governmental Debts, and the Committee for the Consideration of Inter-Governmental Debts, an Unincorporated Association, Defendants, Impleaded with Henry P. Fletcher, as Treasurer of the Committee for the Consideration of Inter-Governmental Debts, Appellant.

First Department, May 17, 1940.

*Walter R. Barry* of counsel [*Alexis C. Coudert* with him on the brief; *Coudert Brothers*, attorneys], for the appellant.

*Harold E. Lippincott* of counsel [*Albert G. Avery* and *George L. Hart, Jr.* (of the District of Columbia Bar), with him on the brief], for the respondent.

Cohn, J. In this action plaintiff, who is the respondent, seeks to recover damages for breach of contract whereby the Committee for the Consideration of Inter-Governmental Debts, an unincorporated association (hereinafter referred to as the Committee) was to publish and promote the sale of a book on war debts to be written by respondent. Service of process was made upon appellant Henry P. Fletcher in his representative capacity as treasurer of the Committee. Fletcher appeared generally in the action, secured an extension of time to plead or to move with respect to the complaint, and also obtained an order directing respondent as a non-resident to file security for costs. In answering the complaint appellant not only denied the existence of the contract but pleaded two

affirmative defenses, the first of which alleged that he had resigned as treasurer prior to the service of process upon him and the second averred that the Committee, as such, had become defunct several years before the commencement of the action.

After respondent had placed the cause on the calendar for trial appellant Fletcher moved to dismiss the complaint and for summary judgment upon affidavits which purported to show that he had in fact resigned as treasurer of the Committee several years before the commencement of this action. Special Term denied the application upon the ground that though it appeared to the court that Fletcher had resigned as treasurer of the Committee prior to the commencement of the suit, the legal action taken by Fletcher in the course of the litigation, that is, his general appearance and service of an answer, constituted a waiver of the right of the Committee to object to the court's jurisdiction over it. This court is now asked by appellant Fletcher to review the determination denying such motion.

The Legislature has provided that an unincorporated association may be sued in the name of its president or treasurer, and, if a money judgment be had, such judgment does not permit an execution against the individual property of the officer served. It may only be satisfied out of the property belonging to the association, though the association is not recognized as a legal entity. (Gen. Associations Law, §§ 13, 15, as added by Laws of 1920, chap. 915; *Mandell* v. *Moses*, 209 App. Div. 531, 534; affd., 239 N. Y. 555; *Peckner* v. *Webb*, 35 Misc. 291.) The procedure outlined in the statute is permissive only. Without the enabling statute respondent would be compelled to sue all the members individually. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Thomann* v. *Flynn*, 251 App. Div. 325, 326.)

While we think that the motion for summary judgment should have been denied, we do not agree with the ruling that Fletcher's general appearance and service of an answer by him constituted a waiver of his right to defend the action upon the ground that he is not the representative of the Committee against which respondent is seeking a judgment. If Fletcher was not treasurer of the Committee when served with process, the Committee would not be represented in the action and could not be bound by any adjudication made therein. An appearance made by one not the legally authorized representative of the Committee would not operate as a waiver on the Committee's part to object to the exercise of jurisdiction over it, at least in the absence of any proof of ratification by the Committee of the proceedings. An objection to the court's jurisdiction over the Committee may properly be taken by answer

(*Peckner* v. *Webb, supra,* at p. 292; *Toledo Railways, etc., Co.* v. *Hill,* 244 U. S. 49), as well as by special appearance and a motion to set aside the service of the summons. This is so because by the provisions of the General Associations Law (§ 13) the existence of the Committee and the fact that appellant was treasurer at the time of service of process upon him are jurisdictional facts which it is necessary for respondent to allege and to establish before he may recover against the Committee. (*Davidsburgh* v. *Knickerbocker Life Ins. Co.,* 90 N. Y. 526, 530; *Peckner* v. *Webb, supra; Mason* v. *Holmes,* 30 Misc. 719, 721.)

However, the motion for summary judgment should not be granted for the reason that upon the affidavits submitted an issue of fact is raised as to whether Fletcher had in fact resigned his position as treasurer of the Committee in April, 1933. The claim in respondent's affidavits to the effect that Fletcher was held out to the world by the Committee as its treasurer long after the time he asserts he resigned from such office, together with the allegations that no valid resignation was established, create a triable issue.

The order, so far as appealed from, should be affirmed, but without costs.

MARTIN, P. J., O'MALLEY, DORE and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously affirmed, without costs.