MILDRED GILLETTE, Plaintiff, v. E. RONALD ALLEN, as President of the Meadowbrook Association, Defendant.

GEORGE GILLETTE, Plaintiff, v. E. RONALD ALLEN, as President of the Meadowbrook Association, Defendant.

Supreme Court, Special Term, Monroe County, March 27, 1945.

*Abram R. Harpending* for defendant, for the motions.

*Melvin H. Zurett* and *John E. Keane* for plaintiffs, opposed.

GILBERT, J. These actions were brought by the plaintiffs, husband and wife, to recover damages for injuries sustained by reason of an accident alleged to have occurred on July 15, 1944, on premises alleged to have been maintained and con-

trolled by the Meadowbrook Association, an unincorporated body. The defendant was sued in his representative capacity as president of the association.

The defendant has moved for leave to serve amended answers setting forth the affirmative defense that, by reason of the fact that the plaintiffs are members of the defendant association, they are prohibited by section 13 of the General Associations Law from maintaining the actions. Amendments are also asked in other respects which the court understands are not opposed by plaintiffs.

The motions to amend as to the matter above specified are opposed on the ground that the affirmative defense is insufficient in law.

Section 13 of the General Associations Law was derived from section 1919 of the former Code of Civil Procedure which follows the wording of section 1919 of chapter 178 of the Laws of 1880, as amended by chapter 184 of the Laws of 1900. The amendment of 1900 and the first sentence of chapter 178 of the Laws of 1880, section 1919, are contained in section 12 of the General Associations Law. Prior to 1880 chapter 258 of the Laws of 1849 and chapter 455 of the Laws of 1851 controlled actions brought by and against associations. These last two laws were repealed by section 1 of chapter 245 of the Laws of 1880, subdivisions 26 and 28 respectively.

In *Westcott et al.* v. *Fargo* (61 N. Y. 542) it was held that a member of a joint stock company might maintain an action against it in the manner prescribed by law, namely, against the president or treasurer of the association. The court said at page 548 of the opinion: '' if a representative of the firm be established *by law* instead of by the acts of the partners, the cases already cited show that he may sue and be sued by one of the associates, though the associates themselves are not incorporated.'' The court then discussed the provisions of chapter 258 of the Laws of 1849 to show that the law gave the association's president the position of a corporation sole for the purpose of bringing actions and being sued. The *Westcott* case (*supra*) was followed in the case of *Saltsman* v. *Shults* (14 Hun 256) a case in the Third Department involving an action by a member of a joint stock association against the association to recover damages occasioned by the maintenance by the association of a private nuisance.

The defendant contends that the *Westcott* case (*supra*) was decided in view of the laws enacted prior to 1880; that section 1919 of chapter 178 of the Laws of 1880 clearly provides that an

action may be brought against the association where an action may be brought against all the associates and not otherwise. The question presented is whether the Legislature intended to prevent action by a member against an association when it provided: "An action * * * may be maintained, against the president or treasurer of such an association * * * upon any cause of action * * * which the plaintiff may maintain * * * against all the associates, by reason of * * * their liability therefor, either jointly or severally."

While the defendant's contention is directed to a tort action against the association by a member, nevertheless, to follow his contention would lead to the conclusion that no action in law or equity might be maintained by a member against his association, this in view of the proposition that a person cannot sue himself either in law or equity. It should be noted that both *Westcott* v. *Fargo* (*supra*) and *Saltsman* v. *Shults* (*supra*) were actions in tort.

In the case of *McCabe* v. *Goodfellow* (61 Hun 619, reported in 15 N. Y. S. 377) the point here involved was raised and passed upon by the General Term in this department, the court stating at page 379 of the report: "We do not think the fact that the plaintiff was a member of the association was a bar to his maintaining an action for his services. *Westcott* v. *Fargo,* 61 N. Y. 542; *Saltsman* v. *Shults,* 14 Hun, 256; *Fritz* v. *Muck,* 62 How. Pr. 73; *Sander* v. *Edling,* 13 Daly, 238; *Winter* v. *Hamm,* 5 Civil Proc. R. 195." The court went on to hold that the association retained the plaintiff to perform the services through its duly authorized agents and committee. The case was reversed on this point in the Court of Appeals (133 N. Y. 89) the court stating that with respect to associations formed for moral, benevolent, social or political purposes, to make members liable for its contracts depends upon the law of agency, and authority to create liability will not be presumed or implied, and that there was no showing that the associates authorized the performance of the services. The point as to a member suing his association at law was not passed upon directly by the Court of Appeals but inferentially, at least, no bar was seen to exist although the fact of membership of the plaintiff was presented to the court.

Actions by members of labor unions against the association for reinstatement as members and damages for wrongful expulsion are numerous. A recent case in the Court of Appeals, *Browne* v. *Hibbets* (290 N. Y. 459), is one. The court at page 467 of the opinion states: "In the absence of allegations and

proof of fraud or bad faith on the part of the membership as a whole, no recovery of damages may be obtained. (*People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N Y. 115, 123.)'' Inferentially there is no bar to an action by a member against an association by reason of section 13 of the General Associations Law by reason of membership alone.

It is to be further pointed out that sections 15 and 16 of the General Associations Law, relating to executions after judgment in actions against associations and the bringing of actions against individual association members, where an action against the association as such has been brought, indicate the legislative intent to treat associations in some respects as a corporation sole. (See *Mandell* v. *Moses,* 209 App. Div. 531, 535, affd. 239 N. Y. 555.)

In *Kirkman* v. *Westchester Newspapers, Inc.* (287 N. Y. 373), the Court of Appeals made a direct holding that an unincorporated association was to be regarded as an entity to the extent necessary to permit suits for libel to be brought in their behalf, by their officers.

It seems, therefore, that the rule laid down in *Westcott* v. *Fargo* (*supra*) to the effect that an association, given by statute some of the aspects of a corporate body, may be sued by one of its members, has not been overruled. Neither does it appear that the Legislature intended to prevent a member of an association. from suing in the manner prescribed by statute solely by reason of his membership. On the contrary it appears that the courts and Legislature have recognized a distinction between an association as such and a member or associate thereof so far as actions in the courts are concerned.

The motions of the defendant insofar as they ask leave to amend his answers to plead the affirmative defense in question are denied on the ground of insufficiency in law.