## Hotel, Restaurant, Building Service Union v. Hotel and Club Employes Union

*Felix & Felix*, for plaintiff.

*E. Davis*, for Hotel and Club Employes Unions Local 568, A. F. L., and Lawrence Stoltz and Robert Burns, indiv.

*E. Davis*, for William A. Strassheim.

ALESSANDRONI, J., February 11, 1946.—This is an action in libel by an unincorporated labor union affiliated with the Congress of Industrial Organizations against another unincorporated union affiliated with the American Federation of Labor. Named as individual defendants are two of the officers of defendant union, and the person who is alleged to have printed the circular in which it is charged libelous matter is contained. Both unions represent employes of hotels and restaurants in the Philadelphia area.

At the time of the alleged libel it is averred that plaintiff union was the accredited collective bargaining agent for the Sylvania, Warwick, Walton and Bellevue-Stratford Hotels; that defendants, in order to deprive plaintiff union of its "reputation of good name,

fame and credit" among persons employed in the industry, printed a circular addressed to the employes of the above-named hotels and distributed it among them.

The circular, entitled TRUTH, is addressed as stated, and carries as its topic "explanation of why the A. F. of L. had a picket line outside the Sylvania Hotel last week." In the discussion of this subject, the strength of the A. F. of L. and the correlative benefits received by employes who designated it as their bargaining agent are set forth in opposition to the "impotence" of the C. I. O. Concerning a bellman employed by the Sylvania Hotel, the following statement is made: "This bellman, John Tedesco, exercising his right under the laws of the country to join any union he so chooses, joined the A. F. of L. The C. I. O. had him discharged for doing so."

The statement of claim avers that plaintiff is the only C. I. O. affiliate to which this charge could refer, and that it was meant to and did refer to plaintiff union was well known to all persons in the industry. It is further averred that the act, falsely attributed to it, is unlawful and considered disgraceful and dishonorable for a labor union and would jeopardize seriously plaintiff's chances of representing employes as their bargaining agent. To this statement of claim, defendants filed their demurrer, raising the following questions:

First, can defendant association, in its capacity as a labor union, be sued for libel? In support of the contended immunity, refuge is sought in section 8 of the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, 43 PS §206(h). The protection afforded by this legislation, however, does not preclude liability, but merely defines the burden of proof required to fix responsibility. The pertinent part of the title of the act states "prescribing the nature of proof necessary in actions arising out of labor disputes against

persons or associations." We cannot accept the inference of defendants that a labor union, engaged in a labor dispute, is beyond the pale of the law, even though that dispute be a jurisdictional quarrel. As for the insufficiency of the allegations in the statement of claim, the position of defendant is without merit. It is averred that defendant association 'did print and publish' the offending circular and that it was signed in the name of the association. These are averments of fact and not conclusions of law. Nor is it necessary to plead in the words of the statute, even though actual and not implied agency must be proved without the benefit of any presumption of law or fact to establish liability (contra Lubliner et al. v. Reinlib et al., 184 Misc. 472, 50 N. Y. Supp. (2d) 786). If this statute controlled the cause of action, the argument would be well founded: First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485; Mason-Heflin Coal Company v. Currie et al., 270 Pa. 221. It is concerned, however, merely with the measure of proof, the manner in which the burden must be met, and the amount and type of evidence. The substantive liability remains, while the burden to establish it is greater.

The second reason assigned in support of the demurrer is that an unincorporated association cannot be libeled as a group. It is contended that the business of plaintiff union is collective bargaining and that it is not organized for a profit. An impersonal entity such as a business corporation can maintain an action if the false statement injures it in the business or trade in which it is actually engaged, and such words are libelous per se: McIntyre v. Weinert, 195 Pa. 52; Meas v. Johnson, 185 Pa. 12; 37 C. J. 11. Benevolent, charitable and religious societies may also be defamed: Finnish Temperance Society v. Socialistic Publishing Company, 238 Mass. 345, 130 N. E. 845. It has also been

held that an unincorporated labor association is libeled if the publication injures its business or credit: Stone v. Textile Examiners, etc., 137 App. Div. 655, 122 N. Y. Supp. 460.

If the business of plaintiff union can be defined as collective bargaining, the statement of claim avers that the publication has charged it with the unlawful, disgraceful and dishonorable practice of discriminating against an employe whom it represents and of procuring his discharge from an employer with whom plaintiff has a collective bargaining agreement. Such a false statement, bringing plaintiff union into disrepute among the employes of the industry, is injurious to its business and is libelous per se. Accordingly, an averment of special damages is unnecessary.

The final contention of defendant is that the facts stated are insufficient as a matter of law to constitute libel. Again defendant presses his theory that the court must allow labor unions wide latitude in jurisdictional disputes in making loose statements as "part of the conventional give and take in our economic and political controversies": Cafeteria Employes Local 302 v. Angelos, 320 U. S. 293.

Suffice it to say that we are not enjoining picketing, nor entering into a strike or labor dispute, nor interfering with the civil liberties of defendants and the exercise of freedom of speech or press. This is an action which seeks damages for a tortious act and it is controlled by the decisions in the cases of libel and not the statutes and decisions in the cases of labor injunctions, strikes and picketing.

Libel has been defined as "any malicious publication, written, printed or painted, which. by words or signs, tends to expose a man to ridicule, contempt, hatred or degradation of character": Pittock v. O'Niell, 63 Pa. 253, 258. The function of the court is to determine whether the writing is capable of a libelous meaning.

If it is, the jury's duty is to determine whether it had such a meaning in fact: Bausewine v. Norristown Herald, 351 Pa. 634; Collins v. Dispatch Publishing Company, 152 Pa. 187.

In the decision in the case of Boyer v. Pitt Publishing Company, 324 Pa. 154, 157, the court said:

"That a publication is susceptible of an interpretation which would render it innocuous does not conclusively defeat a right of action for libel. The test is the effect the article is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate. The words must be given by judges and juries the same signification that other people are likely to attribute to them. It is for the court to determine whether a publication is fairly and reasonably *capable* of the meaning imputed to it by the innuendo, leaving it to the jury to say whether it *actually* conveys the meaning so ascribed to it."

The offending words are fairly and reasonably capable of meaning that plaintiff union conspired to deprive an employe, for whom it acted as a bargaining agent, of his rights by having his employer discharge him, and has been guilty of attempting to obstruct the rights given to an employe by the "laws of the country." Since plaintiff is in the business of representing and acting for the benefit of labor, such a charge is defamatory per se. We conclude, therefore, that the allegations are sufficient and capable of a libelous meaning. Plaintiff is entitled to present its proofs to a jury and attempt to meet the burden imposed upon it.

### Order

And now, to wit, February 11, 1946, the demurrer of defendant is overruled. Defendants are directed to file their plea within 15 days after notice hereof, sec. leg. et sec. reg.