New York Society for the Suppression of Vice, Respondent, *v.* Macfadden Publications, Inc., et al., Appellants.

(Argued October 13, 1932; decided November 22, 1932.)

*Lewis F. Glaser, Joseph Schultz* and *Aaron Frank* for appellants. The plaintiff is a corporation, not engaged in an enterprise for profit or pecuniary gain; and since it failed to allege and prove special damage, it could not maintain an action for libel. (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Norske Amerie-kalinje* v. *Sun Printing & Pub. Assn.*, 226 N. Y. 1; *First Nat. Bank* v. *Winters*, 225 N. Y. 47; *N. Y. Bureau of Information* v. *Ridgway-Thayer Co.*, 119 App. Div. 339; 193 N. Y. 666; *Kemble & Mills* v. *Kaighn*, 131 App. Div. 63; *Philipp Co.* v. *New Yorker Staats-Zeitung*, 165 App. Div. 377; *Electrical Board of Trade* v. *Sheehan*, 210 N. Y. Supp. 127; *Matter of Watson*, 171 N. Y. 256; Membership Corporations Law, § 10.) Plaintiff relied solely on its general allegation of damage and did not introduce any

evidence of actual pecuniary loss. The plaintiff's right to recover substantial compensatory damages is defeated thereby, and the award for substantial compensatory damages was, therefore, without support in law. (*Abell* v. *Cornwall*, 241 N. Y. 327; *Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Philipp Co.* v. *New Yorker Staats-Zeitung*, 165 App. Div. 377; *Union Assoc. Press Co.* v. *Heath*, 49 App. Div. 247; *First Nat. Bank* v. *Winters*, 225 N. Y. 47; *Taylor* v. *Bradley*, 39 N. Y. 129; *N. Y. Rubber Co.* v. *Rothery*, 132 N. Y. 293; *Mann* v. *Groom*, 133 Misc. Rep. 260; *Zator* v. *Buchel*, 231 App. Div. 334; *Gressman* v. *Morning Journal*, 197 N. Y. 474; *Osterheld* v. *Star Co.*, 146 App. Div. 388; *Bishop* v. *N. Y. Times*, 233 N. Y. 446; *Young* v. *Fox*, 26 App. Div. 261; *Wuensch* v. *Morning Journal*, 4 App. Div. 110; *Kemble* v. *Kaighn*, 131 App. Div. 63; *Erick* v. *Jensen*, 17 Fed. Rep. [2d] 255.)

*Martin Conboy* and *David Asch* for respondent. The right of a corporation to recover for libel, without allegation or proof of special damages, is not confined to a corporation engaged in an enterprise for profit or pecuniary gain. (*Union Assoc. Press Co.* v. *Heath*, 49 App. Div. 247; *Town Topics* v. *Collier*, 114 App. Div. 191; *Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437; *Finnish Temperance Soc.* v. *Socialistic Pub. Co.*, 238 Mass. 345; *Chinese Empire Reform Assn.* v. *Chinese Newspaper Pub. Co.*, 13 Brit. Col. 141.) Punitive damages were properly awarded. (*Crane* v. *Bennett*, 177 N. Y. 106; *Cohalan* v. *N. Y. Press Co.*, 212 N. Y. 344; *Devoy* v. *Irish World*, 208 App. Div. 319; *Tim* v. *Hawes*, 87 Misc. Rep. 30; *Pecue* v. *Collins*, 204 App. Div. 142; *Wise* v. *Brotherhood of Locomotive F. & E.*, 252 Fed. Rep. 961; *Cruikshank* v. *Gordon*, 118 N. Y. 178; *Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58.)

HUBBS, J. The plaintiff is a domestic corporation organized under an act of the Legislature (Laws of 1873,

ch. 527) to enforce "the laws for the suppression of the trade in and circulation of obscene literature * * * and articles of indecent and immoral use." The act authorized it to take and hold real and personal property. It is dependent upon voluntary contributions for its support.

The defendant corporation, Macfadden Publications, Inc., is the publisher of the newspaper, the *New York Evening Graphic* and the individual defendant is the president of that corporation in personal charge and control. Articles were published in that paper which charged the plaintiff with crimes and highly improper and reprehensible conduct. The articles were libelous upon their face.

In this action to recover a judgment for damages against the defendants growing out of the publication of those articles, the trial court directed a judgment for the plaintiff for $10,000, and stated that the articles are libelous, false and defamatory and "such that they cannot help but have been injurious, damaging to the plaintiff in its financial support." The evidence fully justified the statement of the learned trial justice.

It is earnestly insisted by appellants that as "plaintiff is a corporation, not engaged in an enterprise for profit or pecuniary gain; and since it failed to allege and prove special damage, it could not maintain an action for libel."

It is clearly settled in this jurisdiction by controlling authority that a corporation may maintain an action for libel without proof of special damage in case a false publication "is defamatory and injuriously and directly affects its credit or the management of its business and necessarily causes pecuniary loss."

"The same rule is applicable to a corporation as to individuals. Where the latter may recover without proof of special damage, a corporation may also." (*First Nat. Bank* v. *Winters*, 225 N. Y. 47, 52; *Reporters' Assn.* v. *Sun Printing & Publishing Assn.*, 186 N. Y. 437.)

The appellants, while recognizing the general principle enunciated in those cases, contend that it has no application under the facts in this case, the argument being that the principle applies only to corporations engaged in business for pecuniary gain, and as plaintiff is not such a corporation, and is not engaged in a commercial enterprise for profit, no presumption of actual damage exists, and to justify a recovery, special damage should have been alleged and proved.

No such differentiation is made in the opinions in those cases between business corporations, so called, and non-business corporations.

Corporations engaged in charitable, social welfare, benevolent and religious work, have the right to acquire and hold property which may produce a profit or income. Indeed, the statute under which plaintiff was organized expressly grants that power to it. Many such corporations own and control very valuable properties, and in their management such corporations establish a reputation, rights and interests similar to the reputation, rights and interests acquired by individuals and corporations engaged in business for profit. To decide that such corporations have no reputation acquired in the management of their affairs and property which can be injured or destroyed by a malicious libel, unless special damage is proved, would constitute a reflection upon the administration of justice. Benevolent, religious and other like corporations have interests connected with property and its management which should have the same protection and rights in courts in case of injury as corporations engaged in business for profit.

Their usefulness depends largely upon their reputation for honesty, fair dealing and altruistic effort to improve social conditions.

The respondent depends entirely upon voluntary contributions for its support. The number and amount of such contributions would necessarily be affected by

the publication of false and malicious articles to the effect that it engaged in illegal and reprehensible conduct in the management of its affairs.

It has never been decided by this court that a non-business corporation could not maintain an action for libel without alleging and proving special damages.

In other jurisdictions it has been decided that such corporations may recover in an action for libel without such proof. (*Finnish Temperance Society Sovittaje* v. *Finnish Socialistic Pub. Co.*, 238 Mass. 345; *Chinese Empire Reform Assn.* v. *Chinese Daily Newspaper Publishing Co.*, 13 Brit. Col. 141.)

We are in full accord with the decisions in those cases.

We have examined the other points raised by the appellant, but find no error therein requiring a reversal.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Judgment affirmed.