BERT KIRKMAN, as President of Local Union No. 3 of the International Brotherhood of Electrical Workers, Respondent, *v.* WESTCHESTER NEWSPAPERS, INC., et al., Appellants.

BERT KIRKMAN et al., Appellants, *v.* WESTCHESTER NEWS-PAPERS, INC., et al., Respondents.

Argued November 19, 1941; decided January 22, 1942.

374

*Harold Stern* and *George Rosling* for plaintiffs, appellants and respondents. An unincorporated association may maintain an action for libel. ( *N. Y. Society* v. *Macfadden Publications,* 260 N. Y. 167; *Philipp* v. *New .Yorker Staats-Zeitung,* 165 App. Div. 377; *Stone* v. *Textile Examiners Employers' Assn.,* 137 App. Div. 655; *Bradley* v. *Conners,* 169 Misc. Rep. 442.) The complaint states a cause of action for libel as to the union. ( *More* v. *Bennett,* 48 N. Y. 472; *Klaw* v. *N. Y. Press Co.,* 137 App. Div. 686; *Hall* v. *Binghamton Press Co.,* 29 N. Y. Supp. [2d] 760; *Townes* v. *N. Y. Evening Journal Pub. Co.,* 109 App. Div. 852; *Sweet* v. *Ken, Inc.,* 169 Misc. Rep. 407; 256 App. Div. 1063; *Kraft* v. *Araujo,* 238 App. Div. 324; *Jackson* v. *Consumer Pub., Inc.,* 256 App. Div. 708.) The innuendo was properly pleaded. It does not in any event affect the sufficiency of the complaint. ( *Klaw* v. *N. Y. Press Co.,*

137 App. Div. 686; *Barnard* v. *Press Pub. Co.*, 63 Hun, 626; *Hall* v. *Binghamton Press Co.*, 29 N. Y. Supp. [2d] 760; *Cafferty* v. *Southern Tier Pub. Co.*, 226 N. Y. 87; *Morrison* v. *Smith*, 177 N. Y. 366; *Shubert* v. *Variety*, 128 Misc. Rep. 428; 221 App. Div. 856.) The complaint states a cause of action for libel as to each of the individual plaintiffs. (*Dall* v. *Time, Inc.*, 252 App. Div. 636; *Birnham* v. *Hornaday*, 130 Misc. Rep. 207; 223 App. Div. 218; *Thomas* v. *Moore*, [1918] 1 K. B. 555.)

*Joseph Reeback* and *Charles S. Cunningham* for Westchester Newspapers, Inc., et al., respondents and appellants. Each of the causes of action of the sixteen union officials is insufficient because it appears from its face that the publication does not refer to an ascertained or ascertainable person who is the plaintiff. (*Hays* v. *American Defense Society*, 252 N. Y. 266; *Feely* v. *Vitagraph Co.*, 184 App. Div. 527; *Service Parking Corp.* v. *Washington Times Co.*, 92 Fed. Rep. [2d] 502; *Stroud* v. *Harris*, 5 Fed. Rep. [2d] 25; *Owens* v. *Clarke*, 154 Okla. 108; *Harvey* v. *Coffin*, 5 Blackf. [Ind.] 566; *Gross* v. *Cantor*, 270 N. Y. 93; *Van Heusen* v. *Argenteau*, 194 N. Y. 309; *Fleischmann* v. *Bennett*, 87 N. Y. 231; *Corr* v. *Sun Printing & Pub. Assn.*, 177 N. Y. 131.) The publication is not libelous *per se* of the local union and, therefore, the complaint of its president should have been dismissed. (*Kloor* v. *N. Y. Herald Co.*, 200 App. Div. 90; *Tanzer* v. *Crowley Publishing Corp.*, 240 App. Div. 203; *Baumann* v. *Baumann*, 250 N. Y. 382; *Labouisse* v. *Evening Post Pub. Co.*, 10 App. Div. 30; *Rossiter* v. *New York Press Co.*, 141 App. Div. 339; *Smid* v. *Bernard*, 31 Misc. Rep. 35; *Morrison* v. *Smith*, 177 N. Y. 366; *Crashley* v. *Press Pub. Co.*, 179 N. Y. 27; *N. Y. Bureau of Information* v. *Ridgway-Thayer Co.*, 193 N. Y. 666.) The complaint of Kirkman, as president of the local union, an unincorporated association, is insufficient since it appears therefrom that the members of the union do not have any joint or common interest in the cause of action as required by section 12 of the General Associations Law and since the criticism of the association constitutes an impersonal

reproach of an indeterminate class. (*Ostrom* v. *Greene*, 161 N. Y. 353; *Bossert* v. *Dhuy*, 166 App. Div. 251; 221 N. Y. 342; *Picket* v. *Walsh*, 192 Mass. 572; *Hanley* v. *American Ry. Express Co.*, 244 Mass. 248; *Lloyd* v. *Sloan*, 259 App. Div. 615; *McMahon* v. *Rauhr*, 47 N. Y. 67; *Mandell* v. *Cole*, 244 N. Y. 221; *Giraud* v. *Beach*, 3 E. D. Smith, 337; *McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schouten* v. *Alpine*, 215 N. Y. 225; *Mercantile Marine Service Assn.* v. *Toms*, [1916] 2 K. B. 243; *Hardie* v. *Chiltern*, [1928] 1 K. B. 663; Gatley on Libel & Slander [3d ed.], 464, 465; *Markt & Co.* v. *Knight Steamship Co.*, [1910] 2 K. B. 1021; *Gross* v. *Cantor*, 270 N. Y. 93; *People* v. *Eastman*, 188 N. Y. 478; *Weston* v. *Commercial Advertiser Assn.*, 184 N. Y. 479.) The General Associations Law does not permit an unincorporated association to sue and be sued as a legal entity, but, on the contrary, merely authorizes a representative suit or defense on behalf of the associates. (*McCabe* v. *Goodfellow*, 133 N. Y. 89; *Schein* v. *Erasmus Realty Co.*, 194 App. Div. 38; *Bossert* v. *Dhuy*, 166 App. Div. 251; 221 N. Y. 342; *Hagan* v. *Bricklayers Union*, 143 Misc. Rep. 591; *Andrews* v. *Local Union No, 13*, 133 Misc. Rep. 899; *Meinhart* v. *Contresta*, 194 N. Y. Supp. 593; *Bobe* v. *Lloyds*, 10 Fed. Rep. [2d] 730; *People ex rel. Solomon* v. *Brotherhood of Painters*, 218 N. Y. 115; *Schouten* v. *Alpine*, 215 N. Y. 225; *Havens* v. *King*, 221 App. Div. 475.) The publication does not warrant, as a matter of law, the innuendo pleaded. (*Fleischmann* v. *Bennett*, 87 N. Y. 231; *Hays* v. *American Defense Society*, 252 N. Y. 266; *Hoeppner* v. *Dunkirk Printing Co.*, 254 N. Y. 95; *Fry* v. *Bennett*, 7 N. Y. Super. Ct. [5 Sanf.] 54; *Stevens* v. *Whelan*, 234 App. Div. 118; *Cook* v. *Mirsky*, 249 App. Div. 394; *Morrison* v. *Smith*, 177 N. Y. 366.)

*Isaac W. Digges* and *Gilbert H. Weil* for McClure Newspaper Syndicate, Inc., et al., respondents and appellants. The Appellate Division erred in affirming the order of the lower court which denied the defendants' motion to dismiss the first cause of action as insufficient in law upon its face. (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352; *Crashley* v. *Press Pub. Co.*, 179 N. Y. 27; *Hays* v. *American Defense*

*Society,* 252 N. Y. 266; *Fleischmann* v. *Bennett,* 87 N. Y. 231; *Ben-Oliel* v. *Press Pub. Co.,* 251 N. Y. 250; *Moore* v. *Francis,* 121 N. Y. 199; *Labouisse* v. *Evening Post Pub. Co.,* 10 App. Div. 30; *Foot* v. *Pitt,* 83 App. Div. 76; *Cafferty* v. *Southern Tier Pub. Co.,* 226 N. Y. 87.) The order of the Appellate Division dismissing the sixteen causes of action of the union officials on the ground that the complaint fails to state a cause of action in libel as to any of the officials, and the judgment against the individual plaintiffs, should be affirmed. (*Hays* v. *American Defense Society, Inc.,* 252 N. Y. 266; *Corr* v. *Sun Printing & Pub. Assn.,* 177 N. Y. 131; *Fleischmann* v. *Bennett,* 87 N. Y. 231; *Feely* v. *Vitagraph Co.,* 184 App. Div. 527; *Hauptner* v. *White,* 81 App. Div. 153; *Knickerbocker* v. *Press Pub. Co.,* 143 App. Div. 138; *Fagan* v. *New York Evening Journal Pub. Co.,* 129 App. Div. 28.)

*Allan S. Locke* for James McMullin, respondent and appellant. The intendment of the newspaper article of which the plaintiff labor union and officials complain is not directed at the plaintiff union, nor is it libelous *per se.* (*Willis* v. *Eclipse Mfg. Co.,* 81 App. Div. 591; *N. Y. Bureau of Information* v. *Ridgway-Thayer Co.,* 119 App. Div. 339; 193 N. Y. 666; *Adirondack Record, Inc.,* v. *Lawrence,* 202 App. Div. 251; *Baker* v. *Warner,* 231 U. S. 588; *Hays* v. *American Defense Society,* 252 N. Y. 266; *National Variety Artists, Inc.,* v. *Masconi,* 169 Misc. Rep. 982; *Corr* v. *Sun Printing & Pub. Assn.,* 177 N. Y. 131; *Van Heusen* v. *Argenteau,* 194 N. Y. 309; *Kuhn* v. *Veloz,* 252 App. Div. 515; *Hoeppner* v. *Dunkirk Printing Co.,* 227 App. Div. 130; *Kimmerle* v. *N. Y. Evening Journal, Inc.,* 262 N. Y. 99.) In the absence of an enabling statute, an unincorporated association may not sue or be sued in the association's name. Actions permitted by the president or treasurer of such an association under section 12 of the General Associations Law being specifically limited to causes of action where each of the members of the association has a joint or common interest with all of the other members in the cause of action, no action for defamation by the plaintiff union lies. (*Mein-*

*hart* v. *Contresta*, 194 N. Y. Supp. 593; *Rodier* v. *Fay*, 7 N. Y. Supp. [2d] 744; *McCabe* v. *Goodfellow*, 133 N. Y. 89; *Edwards* v. *Warren L. & G. Works*, 168 Mass. 564; *United Mine Workers* v. *Coronado Coal Co.*, 259 U. S. 344; *Mercantile Marine* v. *Toms*, [1916] 2 K. B. 243; *Hardie* v. *Chiltern*, [1928] 1 K. B. 663; *Markt* v. *Knight*, [1910] 2 K. B. 1040; *U. S. & Cuban Allied Works Engineering Corp.* v. *Lloyds*, 291 Fed. Rep. 889; *N. Y. Society* v. *Macfadden Publications*, 260 N. Y. 167; *Bradley* v. *Conners*, 169 Misc. Rep. 442; *Peacock* v. *Tata Sons, Ltd.*, 206 App. Div. 145; *Wright* v. *Afro-American Co.*, 152 Md. 587; *Giraud* v. *Beach*, 3 E. D. Smith, 337.)

DESMOND, J. This opinion deals only with the first cause of action in the complaint. All of the judges concur in Judge CONWAY's opinion in so far as it treats of the second to seventeenth causes of action, as to which causes of action Judge CONWAY's opinion, is, therefore, the opinion of the whole court.

As to the first cause of action asserted by Kirkman, as president of the local union, the principal argument advanced against its sufficiency is that " a plurality of persons * * * never has a joint or common interest in a cause of action for libel." Therefore, we are told, a cause of action for libel is not one of those on which the president of an unincorporated association may sue, on behalf of the association, under the terms of section 12 of the General Associations Law (Cons. Laws, ch. 29). The unincorporated association which plaintiff Kirkman represents in this action was formed for definite purposes and is engaged in activities intended to carry out those purposes for the benefit of all the members of the association. The article charges wrongdoing by officers of this association in performance of the work of the association. It does not reflect upon, or tend to injure the reputation of the individual members but it does tend to discredit the work in which they have a common interest. The injury is thus a common injury and the members have a common interest in the consequent damages. The com-

plaint asserts that this local union of which Kirkman is president, has a " high and enviable reputation " because of its success in collective bargaining and because it has provided for its members educational advantages, sick and death benefits, etc. Is not that reputation the common property of its members as such? This court in *New York Society for the Suppression of Vice* v. *Macfadden Publications, Inc.* (260 N. Y. 167, 170), said as to a membership corporation not operated for pecuniary gain, that " to decide that such corporations have no reputation acquired in the management of their affairs and property which can be injured or destroyed by a malicious libel, unless special damage is proved, would constitute a reflection upon the administration of justice." So as to an unincorporated association with similar objects and purposes. The courts have no less a duty in this case than in a suit brought by a corporation or an individual, to protect good name, reputation and credit from slanderous or libelous attacks.

The history of the law of libel in this State as to partnerships and corporations has led us by successive steps to the rule that we now announce as to unincorporated associations. As early as 1853, in *Taylor* v. *Church* (8 N. Y. 452), this court held that mercantile partners might sue for libel and recover for the injury done to the character, standing and credit of their firm. In 1862, in *Shoe & Leather Bank* v. *Thompson* (23 How. Pr. 253, 255), there was a similar holding in favor of a libeled banking corporation. There the court, applying the principle that there is no wrong without a remedy, said of the corporation plaintiff: " It is recognized by the law as being engaged in business, and as being possessed of property. This recognition, as to its rights in these respects, is as effectual and complete as in the case of private individuals." Coming down to more recent times, this court said in 1906 of another corporate plaintiff in an action for libel that it was as much entitled to the protection of the law as a natural person, that its right to be protected against false and malicious statements affecting its property

or credit was beyond question, and that a corporation need not allege or prove specific damage, when the language complained of " is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury." (*Reporters' Assn.* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437, 440, 441. See, also, *Mutual Reserve Fund Assn.* v. *Spectator Co.*, 50 N. Y. Super. Ct. Rep. 460, decided in 1884, and *Philipp Co.* v. *New Yorker Staats-Zeitung*, 165 App. Div. 377, 392, decided in 1914.) And in *New York Society for the Suppression of Vice* v. *Macfadden Publications, Inc.* (*supra*), we said, further, that this rule was just as applicable to non-profit, or benevolent corporations, as to business corporations. We now hold that it is equally applicable to unincorporated associations, also, and that such associations are to be regarded as entities to the extent necessary to permit suits for libel to be brought in their behalf, by their officers.

Labor unions play a large and important role in modern life. The " growth and necessities of these great labor organizations have brought affirmative legal recognition of their existence and usefulness and provisions for their protection, which their members have found necessary." (*United Mine Workers* v. *Coronado Coal Co.*, 259 U. S. 344, 385.) We know that they are rarely incorporated. We should not require them to assume the form of corporations, in order to be recognized as possessing reputations which the law will protect. The courts which recognize a labor union's existence and its traditional form of organization, will not refuse to redress a wrong done to it in its group or unified character. Such a wrong is alleged in the first cause of action here, which complains of a libelous attack not on the reputation of the individual members but on the reputation of the association as such. The newspaper article, read as a whole and reasonably interpreted, would justify a jury's finding that it charged the local union with unfairness and overcharging, if not extortion. The first certified question, therefore, is to be answered in the affirmative.

Besides a question as to the sufficiency of the first cause of action, the Appellate Division has certified to us another question concerning the correctness of an order. made at Special Term and affirmed by the Appellate Division, which denied defendants' motion to strike out certain matter from the first cause of action. This matter was pleaded by way of innuendo. Without discussing this innuendo at length, we conclude that the quoted words of the article are capable of the meaning ascribed to them by the innuendo and that it will be for the jury to say whether they were in fact so understood. Indeed, it may here be said that the innuendo which Special Term refused to strike out is practically a paraphrase of the quoted language of the article itself, and that, therefore, its retention in the complaint does not harm defendants.

Upon plaintiffs-appellants' appeal the judgment of the Appellate Division, dismissing the second to seventeenth causes of action, should be reversed, and the motion to dismiss such causes of action denied, with costs in this court and in the Appellate Division; upon the appeal of defendants-appellants the order of the Appellate Division, in so far as it affirms the orders of Special Term, should be affirmed, with costs. The questions certified should be answered in the affirmative.

CONWAY, J. (dissenting). The amended complaint sets forth seventeen causes of action against the defendants, the first cause of action on behalf of an unincorporated association and the remaining ones by the individual officials thereof. The motion made by defendants to dismiss the complaint before answer and to strike out certain portions of the allegations was granted by Special Term to the extent only that a portion of the innuendo was stricken from the complaint.

The Appellate Division dismissed the second to seventeenth causes of action brought by the individual plaintiffs and, as so modified, the order of Special Term was affirmed. The first cause of action thus was sustained and the action then severed. On the motion made by defendants to the

Appellate Division for leave to appeal to this court, two questions of law were certified to us as follows:

" 1. Does the first cause of action in the amended complaint state facts sufficient to constitute a cause of action?

" 2. Does the publication of which plaintiffs complain warrant, as a matter of law, that portion of the innuendo pleaded in the first cause of action and which the Special Term declined to strike out upon the motions of the defendants? "

Plaintiffs appealed as of right from the judgment entered upon that part of the order of the Appellate Division which dismissed the second to seventeenth causes of action.

The complaint alleges that the plaintiff Local Union No. 3 of the International Brotherhood of Electrical Workers (hereinafter referred to as " local union ") was an unincorporated association of approximately 17,000 members, constituting a labor union affiliated with the American Federation of Labor; that during the months of May, June and July, 1939, the defendant McMullin, as the agent of defendant McClure Newspapers Syndicate and defendant Westchester Newspapers, Inc., " falsely and maliciously composed " and defendant McClure Newspapers Syndicate, Inc., and defendant Waldo " falsely and maliciously published " and sold to defendants Westchester Newspapers, Inc., and Arthur C. Saunders for publication, and that the last mentioned corporation and Arthur C. Saunders, on or about July 3, 1939, published " concerning said local union and its officials " the following " false, libelous and defamatory matter, to wit:

" Our report that union officials are feathering their nests from initiation fees and dues payments is also challenged. The point is made that Local Union 3 voted to allow members of out of town locals to work here during the World's Fair boom without paying a cent to the New York local.

" It is argued, therefore, that the North Carolina youngster with only amateur experience, who, we stated, got a very profitable electrician's job, needn't have ' paid a

price ' for the privilege. A recheck discloses that he did pay a price — and a stiff one. It was, however, paid privately to an official of Local 3 and probably never appeared in the union's books. Evidently the rank-and-file members of Local 3 are not aware of the practices indulged in by some of their associates.

" The plain fact is that this union and others took advantage of the setup to charge more than the traffic would have borne on any normal job."

The complaint then sets forth the innuendo.. It is unnecessary for us to consider it, in view of the conclusion which I have reached as to the first cause of action. It is then further alleged in the first cause of action that the defendants knew or should have known that the statements made were untrue; that the article did " hold the plaintiff, local union, and its members, up to public scorn, hatred and ridicule, and did greatly injure plaintiff, local union, and its members, in their reputation, business and credit;" and that the plaintiff union has been damaged thereby in the sum of $100,000.

Each of the causes of action from the second to the seventeenth is brought by an official of the plaintiff local union, viz., the president, the vice-president, treasurer, financial secretary, business manager, assistant business manager, recording secretary and nine business agents. Each states the office of the individual plaintiff in the local union. The allegations made in the first cause of action are reiterated except those concerning the business purposes of the local union and that the article held the local union up to ridicule and injured its reputation, business and credit. Instead it is alleged that the article was calculated to and did hold the individual plaintiff official up to public scorn, hatred and ridicule, and did greatly injure him in his reputation, business and credit and that each of the individual plaintiff officials was damaged in the sum of $50,000.

I shall consider first the plaintiffs' appeal as of right from the judgment entered upon that part of the order of the Appellate Division which dismissed the second to the seven-

teenth causes of action. The first sentence of the alleged libel reads as follows: " Our report that union officials are feathering their nests from initiation fees and dues payments is also challenged." That is clearly a republication of a prior statement to the same effect. It is a definite statement, when taken in connection with the second sentence which refers to local union 3, that each union official of that union was misappropriating moneys for his own benefit from initiation fees and dues, or a jury could so find as a reasonable interpretation of the language used. (*Gross* v. *Cantor*, 270 N. Y. 93, 96.)

It is true that the use of the word " recheck " indicates review and correction and the statement is then made that the money was paid to but *one* official, but in view of the first sentence, that would be but a correction which might be pleaded in mitigation of damages.

As indicated, *supra*, the first cause of action is brought under section 12 of the General Associations Law by the president of the local union on behalf of its members and not by the union. The section gives the right to bring an action in certain instances to the president or treasurer of an unincorporated association and it is only by statutory permission that it may be brought. The statute enables an unincorporated association to sue in the name of an officer, in place of the common law requirement that all of the members must sue independently. That right, of course, does not affect or change the status of the unincorporated association nor give to it a legal entity separate from the persons who compose it. (*Mandell* v. *Cole* [LEHMAN, J.], 244 N. Y. 221, 227; *Ostrom* v. *Greene* [VANN, J.], 161 N. Y. 353, 361; *Moffat Tunnel League* v. *United States*, 289 U. S. 113, 118; *Shapiro* v. *Amalgamated Watchmakers Union*, 2 C. C. H. Lab. Cas. 222 [contempt]; *United States* v. *Local 807 of International Brotherhood*, 118 Fed. Rep. [2d] 684, 688 [prosecution under Anti-Racketeering Act]; *Hanley* v. *American Ry. Express Co.*, 244 Mass. 248, 250; *Pickett* v. *Walsh*, 192 Mass. 572, 589; Ludwig Teller on Labor Disputes and Collective Bargaining, vol. 2, § 462;

1 Fletcher, Cyclopedia of the Law of Private Corporations [permanent ed.], § 22, p. 72.) In *Ostrom* v. *Greene* (*supra*), this court said in referring to an unincorporated association: " It had no charter from the state giving it certain powers and subjecting it to certain limitations and liabilities. It had no right to use a common seal, no power of perpetual succession or of contracting under a corporate name. It was not an artificial person and had no distinct existence independent of its members. It was not a collective whole, which, as such, could hold property or dispose of it."

In *Hanley* v. *American Ry. Express Co.* (*supra*) the court said: " This ' local ' is merely a voluntary association of some three hundred members, and has no separate existence in law — unlike a corporation which is a legal person quite apart from its stockholders."

In *United States* v. *Local 807 of International Brotherhood* (*supra*) the court said: " First, I do not see how a conviction can be had against the unincorporated Local 807 under the Anti-Racketeering Act; in other words, ' person ' in the act does not include such an amorphous group as this association of around 10,000 persons. It is hornbook law that, absent a clear legislative intent, an unincorporated association does not commit crimes, 7 C. J. S., Associations, § 17, p. 43; and Congress has often shown that it knows how to include an association as a person when it so desires, as in the Sherman and Clayton acts, 15 U. S. C. A. §§ 7, 12, and literally a host of others, but not in the general construction law, 1 U. S. C. A. § 1."

An action under section 12 of the General Associations Law must be to recover property or be upon a cause of action for or upon which all of the associates may maintain such action by reason of their joint or common interest or ownership in the property or the cause of action.

The section reads as follows:

" § 12. Action or proceeding by unincorporated association.

" An action or special proceeding may be maintained, by the president or treasurer of an unincorporated association

to recover any property, or upon any cause of action, for or upon which all the associates may maintain such an action or special proceeding, by reason of their interest or ownership therein, either jointly or in common. An action may likewise be maintained by such president or treasurer to recover from one or more members of such association his or their proportionate share of any moneys lawfully expended by such associations for the benefit of such associates, or to enforce any lawful claim of such association against such member or members."

An action for personal injury such as libel (Gen. Constr. Law, § 37-a; Cons. Laws, ch. 22) is always an individually owned cause of action. The authorities to that effect are collated and quoted from in *Peacock* v. *Tata Sons, Ltd.* (206 App. Div. 145, 146). I shall call attention to but one: " In Newell on Slander and Libel ([3d ed.], p. 435) it is said: ' It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words, because the wrong done to one is no wrong to the other. To this rule there appears to be two exceptions (1) defamatory words published of partners in the way of their business, and (2) slander of the title of joint owners of land.' " (See, also, *Schouten* v. *Alpine*, 215 N. Y. 225, 232; *McCabe* v. *Goodfellow*, 133 N. Y. 89; Seelman on the Law of Libel and Slander in the State of New York, par. 88, citing *Giraud* v. *Beach*, 3 E. D. Smith, 337; *Stone* v. *Textile Examiners and Spongers Union*, 137 App. Div. 655; *Ostrom* v. *Greene*, 161 N. Y. 353, 361; *Hardie & Lane, Ltd.,* v. *Chiltern*, [1928] 1 K. B. 663; *Mercantile Marine Service Assn.* v. *Toms*, [1916] 2 K. B. 243; *Markt & Co.* v. *Knight Steamship Co.*, [1910] 2 K. B. 1021, 1040; Gatley on Libel and Slander [3d ed. 1938], pp. 464, 465; Fraser on The Law of Libel and Slander [6th ed.], pp. 373, 374.) A plurality of persons, except as noted, thus never has a joint or common interest in a cause of action for libel.

Apart from that entirely, however, in this instance it is clear from the article that the individual members of the union or, as the statute calls them, " associates," were not

libeled. In fact there is no claim that they were. Since they were not libeled they have no " interest or ownership " in any cause of action and, of course, no one may on their behalf bring an action for a non-existent tort.

All the cases cited in Judge DESMOND's opinion, except two, involve corporations and are not applicable here. One of those two cases was brought by copartners and falls within one of the exceptions. The other, *United Mine Workers* v. *Coronado Coal Co.* (259 U. S. 344) was an action *against* an unincorporated association and was decided under the Sherman Anti-Trust Law (26 Stat. 209) and other applicable federal statutes. With reference to that decision, Harper on the Law of Torts, section 300, says:

" In *United Mine Workers* v. *Coronado Coal Co.*, (259 U. S. 344, 66 L. ed. 975, 42 Sup. Ct. 570), the United States Supreme Court, upon similar reasoning held that labor unions were suable in tort. It was held that the Sherman Anti-Trust Law (26 Stat. 209) and other federal statutes impliedly changed the common-law rule of the nonsuability of such associations. This decision, of course, is binding upon the federal courts only, and it depends entirely upon the Sherman Act and ' other ' legislation."

That the ruling of the *Coronado* case does not affect the statutes of this State, see opinion of L. HAND, J., in *United States & Cuban Allied Works Engineering Corp.* v. *Lloyds* (291 Fed. Rep. 889, 891, 892), where the court said, referring to *Coronado* case:

" The decision did not effect a general change in the status of such associations; rather, it turned upon the character of a trade union as such, especially because of its repeated recognition in statutes of the United States as an entity. It is to be read as applicable only to such cases."

Moreover we have specifically provided for such an action against an unincorporated association in section 13 of General Associations Law.

The judgment of the Appellate Division dismissing the second to seventeenth causes of action should be reversed

and the motion to dismiss such causes of action denied, with costs in this court and in the Appellate Division.

The order of the Appellate Division in so far as it affirms orders of the Special Term denying the motion to dismiss the first cause of action should be reversed and the motion granted, with costs in all courts. The first question certified should be answered in the negative. The second question certified need not be answered.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY and LEWIS, JJ., concur with DESMOND, J.; CONWAY, J., dissents in opinion as to action No. 1.

Judgment accordingly.