**STATE MEDICAL ASS'N OF TEXAS v. COMMITTEE FOR CHIROPRACTIC EDUCATION, Inc.**

No. 12246.

Court of Civil Appeals of Texas.
Galveston.

Jan. 25, 1951.

Samuels, Brown, Herman & Scott and Sidney L. Samuels, all of Fort Worth, Philip R. Overton, of Austin, and Rex Clawson, of Houston, for appellant.

C. M. Faber and J. Edwin Smith, of Houston, Allen, Smith, Neal & Lehmann, of Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

Appellee, Committee for Chiropractic Education, Inc., brought this action in the District Court of Harris County, for the recovery of damages from appellant, State Medical Association of Texas, for an alleged libel published in the Houston Chronicle on March 6, 1949.

Appellant timely filed its statutory plea of privilege to be sued in Travis County, Texas, the county of its residence, and this plea was timely controverted by appellee who claimed venue under Exception 29 of Article 1995, which provides that a suit for damage for libel or slander shall be brought, and can only be maintained, in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county where the defendant resided at the time of filing suit, or in the county of the residence of defendant, or any of them, or the domicile of any corporate defendant, at the election of the plaintiff.

On a hearing before the court of the plea of privilege and controverting affi-

davit, an order was entered overruling appellant's plea of privilege.

Appellee is a non-profit organization incorporated under the laws of the State of Texas for the purpose of maintaining a non-profit educational foundation. Appellee alleged that on February 28, 1949, it caused to be published and circulated in Harris and other counties in the state of Texas, eight pages of advertisements concerning the chiropractic profession, and that appellant, joined by the Harris County Medical Society and the Travis County Medical Society of Travis County, caused a statement to be published in the Houston Chronicle in Houston, Texas, and other papers in the state, in which it was stated that the publication by appellee in the Houston Post of February 28, 1949, "was a paid 'special edition' packed with misrepresentations. However, it was written to look like a real news section so that its misrepresentations might appear to be legitimate." The Harris County Medical Society and the Travis County Medical Society were made parties to the suit and the Travis County Medical Society was later dismissed.

Appellee alleged that it and the chiropractic profession in general had suffered great injury and damage from the publication and circulation of said statement in Harris, and in other counties in the state of Texas, for which is sought recovery of actual and exemplary damages.

Appellant relies in the appeal on six points of assigned error in which it contends that appellee failed to make out a prima facie case of libel against it since the language charged as defamatory was in no sense libelous per se; that appellee's petition contained no specific charge of defamation, but that it merely stated that the advertisement was packed with misrepresentations. Appellant contended that since appellee's charge could not be described as a libel per se and had failed to prove itself, it was essential to show that appellee had suffered damage by reason of the publication, and since appellee had failed to discharge this burden a prima facie case had not been made out and appellant's plea of privilege should have been sustained.

While we have been cited to no Texas cases passing upon the right of a non-profit corporation, as distinguished from a business corporation, to sue for libel, and have found none, the courts in other jurisdictions where we have found the point to have been raised have uniformly held that corporations engaged in charitable, social welfare, benevolent and religious work, have the right to acquire and hold property which may produce a profit or income and that, like other corporations, they have the same protection and rights in courts in case of injury as corporations engaged in business for profit. New York Society for the Suppression of Vice v. MacFadden Publications, 260 N.Y. 167, 183 N.E. 284, 86 A.L.R. 440. This rule is followed in the case of Finnish Temperance Society Sovittaja v. Finnish Socialistic Publishing Co., 238 Mass. 345, 130 N.E. 845.

Under an appropriate counter-point, appellee claims that it plead and has proved a defamation under the Texas statute defining libel when it established that appellant had had published an advertisement in which it stated that: "It (appellee's published advertisement) was a paid 'special edition' packed with misrepresentations. However, it was written to look like a real news section so that its misrepresentations might appear to be legitimate," for the reason that the quoted statement accuses appellee of packing its news supplement with misrepresentations and impugns its veracity and integrity.

In appellee's brief we are referred to Roget's Thesaurus of English Words & Phrases, Sec. 544, in which the word "misrepresentation" is classified as a "falsehood." The word "falsehood" is therein classified as being a misrepresentation; an untruth, and as perjury, false swearing, and fabrication.

Appellee also refers us to Black's Law Dictionary (3rd Ed.) page 1194 in which misrepresentation is defined as an untrue statement of fact, an incorrect or false representation which, if accepted, leads the mind to an apprehension of a condition other and different from that which exists.

Under Webster's New International Dictionary, "misrepresentation" is defined as improper or unfaithful representation, and as false or incorrect statements, and as misrepresentations of a person's motives.

■ The courts of this state have recognized that a misrepresentation is a falsehood or untruth with the intent and purpose of deceit in the following authorities: Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Missouri State Life Ins. Co. v. Dossett, Tex.Civ.App., 265 S.W. 254. Courts of other jurisdictions have similarly interpreted the term to involve deceit and fraud. Rhodes v. Uhl, 189 Iowa 408, 178 N.W. 394; Thomas v. New York Life Ins. Co., 65 N.D. 625, 260 N.W. 605.

The questions as to whether the published statement complained of was a defamation and whether the statement was libelous per se are, we think, the controlling questions presented in the appeal.

■ It has been uniformly held by the courts of this state that to impugn the veracity of a person is to defame him. Burton v. O'Niell, 6 Tex.Civ.App. 613, 25 S.W. 1013; Fleming v. Mattinson, 52 Tex. Civ.App. 476, 114 S.W. 650, and that this is also true of a charge of unfaithfulness or dishonorable conduct. Flournoy v. Story, Tex.Civ.App., 37 S.W.2d 272; Hibdon v. Moyer, Tex.Civ.App., 197 S.W. 1117.

■ It is also the established rule in this state that written or printed words which charge dishonesty or fraud, or rascality and general depravity are generally libelous per se Billington v. Houston Fire & Casualty Co., Tex.Civ.App., 226 S.W. 2d 494; 53 C.J.S., Libel and Slander, § 18, p. 63, and cases therein cited.

■ The parts of Article 5430 material to this appeal which defines libel reads that "A libel is a defamation expressed in printing or writing * * * tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue,

or reputation of any one * * *." In construing said Article 5430, the Supreme Court of this state, in the case of Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874, 877, said: " * * * We think it clear that, in the enactment of the law, the purpose was not only to make definite what constitutes actionable libel in this state, but to materially modify the doctrine of the common law upon that subject.

"By the terms of the present law, a libelous publication, contrary to the common law rule, becomes actionable without the proof of malice, whether it is or not libelous per se.

"Under the present law, it is not necessary to the right to maintain an action for a publication not libelous per se to allege or prove special damages. * * *"

The case of McDavid v. Houston Chronicle Printing Co., Tex.Civ.App., 146 S.W. 252, follows the rule above announced.

■ Appellant further contends that appellee in the trial court failed to sustain its pleadings by evidence of defamatory statements or by showing by probative evidence in what the alleged libel consisted, in that no witness put upon the stand by appellee testified to any damage to appellee or showed that damage resulted to it from publication of the articles charged to be libelous.

This contention cannot, we think, be sustained for the reason that the statement of facts contains an agreement signed by attorneys for the parties stipulating that the original exhibits are a part of the record and the fact that the language complained of is copied into the record.

It follows, we think, that the trial court having in effect found in its order overruling appellant's plea of privilege that appellant's language was defamatory and libelous per se, appellee was not under the above authorities required to prove such special damages.

It follows that the judgment of the trial court overruling appellant's plea of privilege must be, in all things, affirmed.