## Victory Cab Association, etc., v. Philadelphia Daily News, Inc.

*James K. Baker* and *Theodore Spaulding*, for plaintiff.

*Lemuel B. Schofield* and *John B. Brumbelow*, for defendant.

CRUMLISH, J., January 26, 1951.—On November 27, 1948, the following appeared in the Philadelphia Daily News:

"Members Rob Club Cab Driver

"Three members of the Victory Taxicab Association, a private transportation club, robbed their fellow member at the wheel of $35 early today.

"The three brethren told the driver, Andrew Mosely, 39, of 2009 Reed St., to take them from 20th and Christian Streets to 1020 S. Bouvier St.

"In front of the latter address, Mosely told police later, the three members became very unbrotherly. They pulled a gun on the driver and stole the money. Then they fled."

The Andrew Mosely mentioned in the news story is a member of plaintiff association which, on December 6, 1948, started this action in trespass alleging that the above-quoted story was false, that defendant knew it was false, and that by reason of the libel plaintiff "has been brought into reproach and discredit, in that through the agency of . . . defendant's newspaper, the . . . charges have been widely published and circulated". Plaintiff did not allege special damages.

At the trial plaintiff's testimony was that it is composed of 21 members—14 drivers and seven owners. Plaintiff itself has no certificate of public convenience, but the seven owners each have one. The owners pay $8 a week to their treasurer. The association has office space where they meet twice monthly, not always formally. The 14 drivers turn their fares into the treasurer at the office of the association, who, in turn, hands them over to the owner of the cab. The drivers are paid individually a percentage of their take by the owner of the cab in which the fares were collected. The association was organized in 1946, is not incorporated, assumed the name "Victory Cab Association"

after it was formed, and registered under the Fictitious Names Act on December 7, 1948, one day after the institution of this suit. Plaintiff's testimony was that the story published by defendant was untrue.

At the close of plaintiff's testimony defendant moved for a nonsuit. The trial judge was of the opinion that the publication was not libelous per se and that proof of special damages was required. Given an opportunity to amend the complaint with an allegation of special damages, plaintiff's counsel admitted that no special damages could be proved and took the position that an allegation thereof was not necessary. After careful consideration of plaintiff's argument, a compulsory nonsuit was entered. Plaintiff now seeks to have the nonsuit taken off.

The question raised by plaintiff's motion to take off the nonsuit is: Was plaintiff, an unincorporated association, which serves to facilitate the carrying on of the details of the taxicab business of its individual members, itself libeled by the foregoing story so that it is entitled to recover in its action without alleging special damages? The question must be answered in the negative for two reasons: (1) There was no proof that plaintiff association conducted a business which could be presumed to have suffered damages, and (2) the libel was not directed to plaintiff association but merely to certain members thereof.

That a corporation has a right of action in libel is beyond doubt.

"A corporation has a business reputation entitled to legal protection, and a statement reflecting adversely on the business capacity or methods of a corporation, or on its credit or solvency, may be actionable per se, as where prejudice to its business standing is implicit from the nature of the charge": 53 C. J. S. 81-82.

". . . whether the words be spoken or written, the important matter is their effect and if it appear that

they have done pecuniary harm to a business, the law ought to provide a remedy, whether . . . the business be that of an individual or a corporation": Temperance Mutual Benefit Association v. Schweinhard, 3 Pa. C. C. 353 (1887). See, also, A. L. I. Restatement of the Law of Torts §561.

A corporation as a legal person has a reputation subject to damage in the same manner as the personal good name of an individual is. A corporation's business reputation for solvency, fair dealing, and reliability is one of its most valuable assets and merits the protection of the courts. In seeking this protection the corporate entity itself is the proper party plaintiff because it is the corporation itself which has been injured by a pecuniary loss, actual or presumed.

The rule is the same whether or not the corporation is organized for profit: 53 C. J. S. 230; New York Society for the Suppression of Vice v. MacFadden Publications, Inc., et al., 260 N. Y. 167, 183 N. E. 284 (1932). The reason for allowing the action is that the nonprofit corporation—benevolent, religious, or charitable—must preserve its reputation for honest service, earnest endeavor, and sincerity if it is to receive the contributions on which it depends for the support of the work it does.

In the case before us plaintiff is not a corporation of any kind, but an unincorporated, voluntary association of cab drivers and owners. In Hotel, Restaurant, Building Service Union v. Hotel and Club Employes Union, 56 D. & C. 575 (1946), Judge Alessandroni said, at page 579, speaking of plaintiff in that case, an unincorporated labor union:

"If the business of plaintiff union can be defined as collective bargaining, the statement of claim avers that the publication has charged it with the unlawful, disgraceful and dishonorable practice of discriminating against an employee whom it represents and of

procuring his discharge from an employer with whom plaintiff has a collective bargaining agreement. Such a false statement, bringing plaintiff union into disrepute among the employes of the industry, is injurious to its business and is libelous per se." See, also, Kirkman et al. v. Westchester Newspapers, Inc., et al., 39 N. E. (2d) 919; 287 N. Y. 373 (1942).

Judge Alessandroni's reasoning is the logical extension of the theory allowing a corporation a right of action in libel. The unincorporated association in the case before him was "in the business of representing and acting for the benefit of labor." The allowance of the action for the protection of the reputation vital to the maintenance of that business was properly given, for it would be a senseless rule that would have protection depend on incorporation when all other reasons for allowing it are present.

Just as in the case before Judge Alessandroni, we have here, too, an unincorporated association. The similarity, however, ends there. Plaintiff unincorporated association here is not engaged in a business or trade which has been harmed. The complaint alleges the business of transportation, but the testimony does not support this allegation. Admittedly, plaintiff had no certificate of public convenience which is necessary to the carrying on of such a business. True, there was testimony that the association had bylaws and officers, that it held regular meetings, that the members paid $8 a week dues, and that minutes were kept of the meetings which were held twice a month; exactly what services the association performed for its $8 a week dues do not distinctly appear in the testimony. But we will assume that the owner of a car willingly paying $8 a week dues gets something for his money. The association had been in existence for some two years prior to the publication, and the fact that it had existed that length of time is some evidence that from it

the members derived some benefits, not the least of which, it is conceded, might well be the ready recognition of the association name. The association may save money, time, and work for the individuals who belong to it, but there is nothing to support the conclusion that it works for them as did the collective bargaining business in the Hotel, Restaurant, Building Service Union case, supra. The basis for a corporation's libel suit is the injury to its business and, as has been seen, this same reason provides the basis for allowing an action to an unincorporated association.

Viewing the alleged defamatory statement in the light of the business which plaintiff conducts in the interest of its members, there is no clear presumption that plaintiff has suffered any pecuniary loss.

". . . words which upon their face, and without the aid of extrinsic proof, are injurious, are libelous per se; but if the injurious character of the words appear, not from their face, in their usual and natural signification, but only in consequence of extrinsic circumstances, they are not libelous per se. . . .

"In order for a publication to be libelous per se as against a corporation, it must appear, from the publication itself and without the aid of extrinsic evidence, that the words complained of will directly injure the credit, property or business of the corporation and result in pecuniary loss" (citing cases) : Erick Bowman Remedy Co., Inc., v. Jensen Salsbery Laboratories, Inc., 17 F.(2d) 255, 257-58 (1926).

The second reason for our conclusion is that the libel is not aimed at plaintiff association. The publication states merely that three members of the Victory Taxi Cab Association, a private transportation club, robbed a fellow member. There is no allegation that plaintiff association took any part in the robbery or expressly or impliedly authorized the three members to commit the robbery.

To sustain this action the publication, standing alone, must defame plaintiff. This it does not do. Anyone reading the article must conclude that the publication is leveled at three unnamed members of the association.

"A corporation is not defamed by communications defamatory of its officers, agents, or stockholders unless they also reflect discredit upon the method by which the corporation conducts its business": A. L. I. Restatement of the Law of Torts, §561, comment a.

Accordingly, the motion to strike off the nonsuit is dismissed.