Aron Steuer, J.
The action is in libel. The plaintiff is a labor union, an unincorporated association. The defendants are a newspaper, the writer of the alleged libelous article and two members of the union, who, it is alleged, caused the article to be published.
The writer moves to dismiss on the ground that the Statute of Limitations has run against him. Admittedly, he was served two days after the period of one year. Plaintiff claims that the statute has been tolled or, at least, a triable issue as to this has been raised. The motion would have to be denied if a triable issue was raised (Isenstein v. Malcomson, 227 App. Div. 66). But the proof submitted falls far short of that. The motion must be granted.
The newspaper also moves on the ground that there is no capacity to sue. It is conceded that an unincorporated association is not a legal entity and that, apart from its members, it *753 cannot sue or be sued. Actions in the form of suits by the association are provided by statute for convenience but the basic nature of the rights is not thereby changed. The statute provides that the suit is to be brought by the president (General Associations Law, § 12). Defendant claims that Kelly, the person named as president in the complaint, does not meet the requirement of the statute. It appears that Kelly had been the elected president of the accociation. Some time before institution of the action, all officers of the local had been made to resign and were replaced by a trustee. This was done pursuant to a direction of the international union. The trustee then reappointed the same officers. Kelly, therefore, became president again and was continuing to act as such up to the time suit was begun. It has been noted that the statute does not refer to an elected president. An appointed president qualifies under it.
The more serious objection stems from the fact that two of the defendants being sued are members of plaintiff union. The General Associations Law provides for two kinds of actions: (1) an action that all the associates may maintain by reason of their interest therein, or (2) an action against one or more members to enforce any lawful claim in favor of the association. A libel against a union may be maintained because the reputation of the union is the common property of the members (Kirkman v. Westchester Newspapers, 287 N. Y. 373). The moving defendant, however, argues that where the libel is by a union member, either all of the members do not have the common property or, if they do, the members sued are both plaintiffs and defendants. But the statute recognizes that a member, though sharing in the common property, may perform acts that are inimical to the common property, including that share of it which inures to him. And for that he may be sued by his fellow members. And this is so despite the fact that, in theory, what he may be forced to pay into the association will still be in part his own property. The mere fact that the acts were done in concert with third persons does not affect the situation.
Lastly, the moving defendant claims that many members of the union are not in sympathy with the suit and have not authorized it. But the desire to sue and a cause of action are not synonymous. The sole requirement of the statute is that all of the members have a joint or several right to recover, and not that they should have a unanimous desire to exercise that right.
Motion granted as to defendant Mowery. Otherwise denied.