■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE WARE, Appellant.— Judgment of conviction unanimously affirmed. No opinion. Order, entered March 22, 1962, unanimously affirmed. No opinion. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ PATRICK CONNOLLY, as President of Local 824, Affiliated with the International Longshoremen's Association, et al., Respondents, v. JAMES O'MALLEY, JR., et al., Constituting the Waterfront Commission of New York Harbor, et al., Defendants, and NEW YORK SHIPPING ASSOCIATION, INC., et al., Appellants.— Order entered July 31, 1961, so far as appealed from, unanimously modified, on the law, to strike the first decretal paragraph therefrom and in lieu thereof to provide that the first cause of action stated in the complaint be dismissed and to direct that the third and fifth causes of action therein stated be repleaded within 20 days or stand dismissed; and the order is otherwise affirmed, with $20 costs and disbursements to defendants-appellants. We hold the first alleged cause of action to be insufficient (see, further, *Connolly* v. *O'Malley*, 17 A D 2d 411). The defendants attack the third and fifth causes of action for insufficiency solely upon the ground that such causes are not within the class of actions permitted under section 12 of the General Associations Law. This ground, however, would not be a valid one in the event that the plaintiffs are able to plead causes resulting in damage to the association itself or in a common injury to the members thereof as such. (See *Kirkman* v. *Westchester Newspapers*, 287 N. Y. 373.) In addition, however, to the attack upon the sufficiency of the said third and fifth causes of action upon the specific ground aforesaid, the defendants seek relief against the same upon the ground that they are indefinite and uncertain in that it does not appear whether or not they are "based upon an alleged breach of the Waterfront Commission Compact; or the breach of collective labor agreements or other agreements, or upon a theory of tort or other wrong"; and upon the further ground that there is a failure to properly state and number several causes of action which are attempted to be pleaded. It is to be noted that the said causes are premised in part upon the alleged unlawful promulgation of section 4.1 (subd. [b], par. [3]) of the Waterfront Commission Regulations and alleged unlawful and wrongful acts pursuant thereto. We have held, however, that such regulation is in all respects valid; and the acts of the commission and interested parties pursuant to the provisions thereof, if lawfully taken, may not be complained of (see, further, *Connolly* v. *O'Malley, supra*). It is to be noted further that the said causes of action have been dismissed as against the defendant commission, and certain allegations therein directed against said defendant are irrelevant to any cause of action against the appellants. In view of the holding aforesaid and the dismissal as against the defendant commission and in view of the general indefiniteness of these alleged causes of action, we hold that they are not properly and adequately stated. If, however, these particular defendants have in fact committed any wrongful acts in breach of collective labor agreements or other agreements with the plaintiffs or pursuant to an unlawful conspiracy originated and carried out in violation of the bargaining rights of the plaintiffs, and such acts have resulted in damage to the association itself or in a common injury to the members thereof as such, then, of course, the plaintiffs should have the right to replead. Concur — Breitel, J. P., Rabin, Stevens, Eager and Steuer, JJ.