Mary CARSWELL, Appellant,

v.

Les WILK et al., Appellees.

No. 4642.

Court of Civil Appeals of Texas,
Eastland.

July 20, 1973.

———◆———

James P. Finstrom, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion (David S. Kidder), Dallas, for appellee.

RALEIGH BROWN, Justice.

Mary Carswell sought damages against Les Wilk and his employee, Classie M. Scott, for libel as a result of the mailing of an envelope addressed to Carswell with the term "Bitch" on its face. The trial court granted a summary judgment favoring both defendants. Mary Carswell has appealed.

In her affidavit opposing the motion for summary judgment, Mary Carswell affirms:

On or about August 16, 1972, I did receive a letter from Mr. Les Wilk in the United States mail, addressed to my place of business at 16 N. Main, Grand Prairie, Texas, which letter addressed me as 'Bitch Mary Carswell' . . . It is my belief that Mr. Wilk in some way was responsible for this event at least, in part, because of my prior business relationship with him."

The Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup. 1970) stated the rule to be followed in rendering or affirming a summary judgment in favor of a defendant.

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

Article 5430, Vernon's Ann.Civ.St., states:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt, or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

Our Supreme Court construing the statute in Guisti v. Galveston Tribune, 105 Tex. 497, 150 S.W. 874 (1912) said:

"We think it clear that, in the enactment of the law, the purpose was not only to make definite what constitutes actionable libel in this state, but to materially modi-

fy the doctrine of the common law upon that subject.

By the terms of the present law, a libelous publication, contrary to the common law rule, becomes actionable without the proof of malice, whether it is or not libelous per se.

Under the present law, it is not necessary to the right to maintain an action for a publication not libelous per se to allege or prove special damages. Walker v. San Antonio Light Pub. Co., 30 Tex. Civ.App. 165, 70 S.W. [555] 557. In this particular the common-law rule has been modified."

See also State Medical Association of Texas v. Committee for Chiropractic Education Inc., 236 S.W.2d 632 (Tex.Civ.App.—Galveston 1951, no writ) and Gibler v. Houston Post Company et al., 310 S.W.2d 377 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

Under the summary judgment proof we think a material fact question does exist and hold that the defendants did not establish as a matter of law that none existed.

The judgment is reversed and the cause remanded for trial.